IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA ROBERTSON,<br><br>    Plaintiff,<br><br>  v.<br><br>AON RE INC/AON GLOBAL, et al.,<br><br>    Defendant                      / | No. C-09-0082 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; REMANDING STATE LAW CLAIM; VACATING APRIL 16, 2010 HEARING** |

    Before the Court is the "Motion for Summary Judgment or, in the Alternative, Summary Adjudication," filed February 26, 2010 by defendants Aon Benfield, Inc. ("Aon"), Chester Taranowski ("Taranowski"), Christopher Pedlar ("Pedlar"), Olga Merino ("Merino"), and Steven Goode ("Goode"). Plaintiff Cynthia Robertson ("Robertson") has filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for April 16, 2010, and rules as follows.

## **LEGAL STANDARD**

    Rule 56 of the Federal Rules of Civil Procedure provides that a court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(c).

The Supreme Court's 1986 "trilogy" of <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986), <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986), and <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986), requires that a party seeking summary judgment show the absence of a genuine issue of material fact. Once the moving party has done so, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." See <u>Celotex</u>, 477 U.S. at 324 (internal quotation and citation omitted). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita</u>, 475 U.S. at 586. "If the [opposing party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Liberty Lobby</u>, 477 U.S. at 249-50 (citations omitted). "[I]nferences to be drawn from the underlying facts," however, "must be viewed in the light most favorable to the party opposing the motion." See <u>Matsushita</u>, 475 U.S. at 587 (internal quotation and citation omitted).

**DISCUSSION**

Robertson is an African-American over the age of 40 who formerly worked as an Administrative Assistant for Aon in its offices located in San Francisco, California.

**A. Federal Claims Against Individuals**

Robertson's federal claims are brought pursuant to Title VII and the Age Discrimination in Employment Act ("ADEA").[1] In addition to naming Aon, her former employer, as a defendant to such claims, Robertson has named four individuals, each of whom was either a former supervisor or co-worker of Robertson.

---

[1] Although the complaint does not expressly reference the ADEA, Robertson clarified at her deposition that she was bringing claims for age discrimination. The Court notes that although Robertson presently has counsel of record, at the time Robertson filed her initial complaint, as well as at the time she was deposed, Robertson was proceeding without the assistance of counsel.

2

Defendants argue that Robertson cannot prevail on any of her federal claims against the four individuals named in the complaint as defendants. The Court agrees. See Craig v. M&O Agencies, Inc., 496 F.3d 1047, 1053, 1058 (9th Cir. 2007) (holding district court properly granted summary judgment in favor of supervisor on Title VII harassment claim; noting Ninth Circuit has "long held that Title VII does not provide a separate cause of action against supervisors or co-workers"); Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587-88 (9th Cir. 1993) (affirming dismissal of Title VII and ADEA claims against individuals; stating, "it is inconceivable that Congress intended to allow civil liability to run against individual employees").

Accordingly, defendants have established that they are entitled to summary judgment to the extent Robertson's federal claims are alleged against Taranowski, Pedlar, Merino and Goode.

**B. Federal Claims Against Aon**

The complaint contains five federal claims, which the Court considers in turn.

**1. First Cause of Action ("Discrimination")**

In the First Cause of Action, Robertson alleges she was "discriminated and retaliated against by her employer, and ultimately terminat[ed] . . . because of her willingness to be a potential witness in a discrimination case by [Rebecca] Williams" (see Compl. ¶ 67), an Aon employee who worked in Texas (see Compl. ¶ 10).

As pleaded, the First Cause of Action appears to rely, at least in part, on a theory of retaliation. Because Robertson has alleged a separate claim for retaliation, however, the Court construes the First Cause of Action as a claim based on race and age discrimination and not on a claim of retaliation.

The plaintiff bears the initial burden of establishing a prima facie case of discrimination by "offer[ing] evidence that gives rise to an inference of unlawful discrimination." See Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1220 (9th Cir. 1998) (internal quotation, citation and alteration omitted). If a plaintiff meets her initial burden, the burden then shifts to the employer to "articulate nondiscriminatory reasons for the allegedly

discriminatory conduct." See id. "The employer's articulation of a facially nondiscriminatory reason shifts the burden back to the plaintiff to show that the employer's reason was a pretext for discrimination." Id.

The alleged adverse employment actions identified in the complaint are (1) Aon's placement of Robertson on a paid leave of absence for three weeks beginning in April 2007 (see Compl. ¶¶ 12 ), and (2) Aon's termination of Robertson's employment in March 2008 (see Compl. ¶ 2, 76).

Assuming, arguendo, a mandatory leave of absence, but with full payment of salary, constitutes an adverse employment action, and further assuming Robertson has established a prima facie case of discrimination with respect to her placement on such leave, Robertson's claim based on such leave fails thereafter as a matter of law. In particular, defendants have articulated a nondiscriminatory reason for placing Robertson on paid leave, specifically, that Merino, one of Robertson's co-workers, reported to management that Robertson had made a "threat of workplace violence" one day after the highly publicized "Virginia Tech massacre" had occurred. (See Pedlar Decl. ¶ 5; Defs.' Req. for Judicial Notice ¶ 1 Ex A.)  In her opposition, Robertson fails to offer any evidence to support a finding that defendants' articulated reason was a pretext for discrimination on the basis of race or age.[2]

With respect to the termination, and, again, assuming plaintiff has established a prima facie case of discrimination with respect thereto, defendants likewise have articulated a nondiscriminatory reason therefor, specifically, that Robertson, along with thirty other Aon employees, including five other employees in Aon's San Francisco offices, was laid off as part of a reduction in force ("RIF"), and that she was not replaced. (See Pedlar Decl. ¶ 9); see Coleman v. Quaker Oats Co., 232 F.3d 1271, 1282 (9th Cir. 2000) (holding "[a] RIF is a legitimate nondiscriminatory reason for laying off an employee"). In her opposition, Robertson fails to offer any evidence to support a finding that the

---

[2]Robertson denies that she made the threat to Merino, but does not deny that Merino told Aon management that Robertson had, in fact, made a threat.

elimination of her position was a pretext for discrimination on the basis of race or age.

Finally, the Court notes that Robertson, in her deposition and in her opposition, asserts she was subjected to another adverse employment action, specifically, that in 2006, Pedlar, her supervisor at that time, did not retain Robertson as one of his administrative assistants. According to Robertson, both she and Mary Grace Barnaba ("Barnaba"), whom Robertson describes as a "white woman," provided administrative assistance to Pedlar until he received a promotion in 2006, after which time only Barnaba continued providing administrative assistance to Pedlar. (See Love Decl. Ex. A at 56-57.) Defendants have offered evidence, however, undisputed by Robertson, that Barnaba's job duties did not change as a result of Pedlar's promotion, nor did she receive an increase in her salary or benefits (see Pedlar Decl. ¶ 4; Barnaba Decl. ¶ 1), and that Robertson, after Pedlar's promotion, continued to work as an administrative assistant for Aon (see Pedlar Decl. ¶ 4). Assuming, arguendo, Pedlar's decision to no longer have Robertson provide him administrative assistance constituted an adverse employment action, and further assuming Robertson has established a prima facie case of discrimination with respect to such decision, any claim based thereon ultimately fails as a matter of law, as defendants have offered a nondiscriminatory reason for the decision. Specifically, as Pedlar explains, Barnaba, prior to Pedlar's promotion, worked "primarily" on Pedlar's "accounts" whereas Robertson performed "routine tasks" for Pedlar while also working "primarily" on the accounts of another executive, Goode. (See id.) Pedlar states that, under such circumstances, it made "more sense" to have Robertson "support" Goode and to have Barnaba "support" Pedlar. (See id.) In her opposition, Robertson fails to offer any evidence to support a finding that Pedlar's decision was a pretext for discrimination on the basis of race or age.

Accordingly, defendants are entitled to summary judgment on the First Cause of Action.

//

//

**2. Second Cause of Action ("Retaliation")**

In the Second Cause of Action, Robertson alleges she was subjected to retaliation "in the form of harassment by [d]efendants for [Robertson's] decision to be a potential witness in a discrimination lawsuit" brought by a co-worker who worked for Aon in Texas. (See Compl. ¶¶ 10, 69.) Additionally, Robertson alleges that she filed an EEOC complaint after she was placed on paid leave, and that, thereafter, she was subjected to retaliation, in that she was "consistently harassed" and was "ultimately terminated." (See Compl. ¶ 36.)

To establish a prima facie case of retaliation, "a plaintiff must prove (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the two." See Surrell v. California Water Service Co., 518 F. 3d 1097, 1108 (9th Cir. 2008). "Once established, the burden shifts to the defendant to set forth a legitimate, non-retaliatory reason for its actions; at that point, the plaintiff must produce evidence to show that the stated reasons were a pretext for retaliation." Id.

To the extent the Second Cause of Action is based on a claim that Pedlar placed Robertson on paid leave to retaliate for Robertson's decision to be a witness, the Court finds Robertson has failed to create a triable issue of fact. First, defendants offer evidence, undisputed by Robertson, that Pedlar was not aware of Robertson's plan to be a witness until after he placed her on leave (see Pedlar Decl. ¶ 7), and, consequently, Robertson cannot establish causation, an essential element of her prima facie case. See Cohen v. Fred Meyer, Inc., 686 F.2d 793, 797 (9th Cir. 1982) (holding where supervisor is "unaware" of plaintiff's protected activity when supervisor makes adverse employment decision, plaintiff cannot establish claim of retaliation based on supervisor's decision). Moreover, even assuming Robertson has established a prima facie case, defendants, as discussed above with respect to the First Cause of Action, have set forth a legitimate reason for the decision to place Robertson on paid leave and Robertson has offered no evidence to show such reason was a pretext for retaliation.

To the extent the Second Cause of Action is based on a claim that Taranowski, Aon's Employee Assistance Coordinator, retaliated against Robertson by reason of her

6

decision to be a witness and/or for her filing an EEOC complaint, specifically, when Taranowski required her to undergo a psychiatric evaluation before he would allow her to return to work, the Court finds Robertson has failed to create a triable issue of fact. First, defendants offer evidence, undisputed by Robertson, that Taranowski was not aware of Robertson's plan to be a witness until after he required her to undergo such evaluation (see Pedlar Decl. ¶ 7), and that Robertson filed her EEOC complaint after she was required to undergo an evaluation (see id. ¶ 7, Ex. C); consequently, Robertson cannot establish a prima facie case. Second, assuming Robertson has established a prima facie case, defendants have set forth a legitimate reason for imposing an evaluation requirement, specifically, that Aon has a written policy requiring that a person who assertedly makes a threat of workplace violence must "receive disciplinary interventions up to and including fitness-for-duty evaluations" (see Taranowski Decl. ¶ 5, Ex B at 1); Robertson offers no evidence to support a finding that the application of such facially neutral policy to Robertson was a pretext for retaliation, e.g., evidence showing Aon did not follow the policy as to other persons who assertedly made threats of workplace violence but had not engaged in protected activity.

To the extent the Second Cause of Action is based on a claim that Robertson was subjected to harassment in retaliation for her having engaged in protected activity, Robertson again has failed to create a triable issue of fact. First, Robertson submits no evidence, nor even alleges in her complaint, that the individuals who allegedly engaged in harassing conduct were aware she had offered to be a witness or had filed an EEOC complaint. Additionally, as defendants have argued, the conduct identified by Robertson in her deposition as harassing in nature does not raise to the level of actionable harassment. See Ray v. Henderson, 217 F.3d 1234, 1245 (9th Cir. 2000) (holding "harassment as retaliation for engaged in protected activity" is actionable where conduct is "sufficiently severe or pervasive to alter the conditions of the victim's employment"). In particular, Robertson's testimony that some of her co-workers would not speak with her and/or attempted to avoid her after she returned from her leave (see Love Decl. Ex. A at 114,

188) is insufficient to support a retaliation claim.  See Ray, 217 F.3d at 1241 (observing "mere ostracism by co-workers does not constitute an adverse employment action"). Further, Robertson's testimony that her supervisor, Goode, criticized her work and gave her a "bad evaluation" (see Love Decl. Ex. A at 73-74) is insufficient to create a triable issue of fact, because defendants have offered evidence explaining why Robertson was given a "below expectations" rating by Goode.  Specifically, as explained by Goode, Robertson was, inter alia, "not thorough in proofreading," was "not proactive in updating the administrative lists that accompanied client proposals," was "unable to copy and assemble proposals in a timely fashion," was "unable to perform mail merges absent assistance from other[s]," and had "failed to secure a meeting room for a client meeting."  (See Goode Decl. ¶ 4.)  Robertson has not offered any evidence to the contrary, e.g., evidence that she proactively updated administrative lists or could perform mail merges on her own.  Cf. Ray, 217 F.3d at 1241 (observing "undeserved performance ratings, if proven" could constitute actionable retaliation).

      Finally, to the extent the Second Cause of Action is based on a claim that the termination was in retaliation for protected activity, the Court finds Robertson likewise has failed to create a triable issue of fact.  First, the termination occurred ten months after Robertson engaged in the latter of her protected activities (see Pedlar Decl. ¶¶ 7, 9), and, consequently, a causal link between the protected activities and the termination cannot be inferred from the timing.  See Culver v. Qwest Communications Corp., 306 Fed. Appx. 403, 405-06 (9th Cir. 2009) (holding "ten-month gap" between protected activity and termination insufficient "to create a genuine issue of material fact regarding causation").  Second, even assuming Robertson has established a prima facie case, defendants, as set forth above with respect to the First Cause of Action, have set forth a legitimate reason for the termination and Robertson has not offered any evidence to show such reason was a pretext, in this instance or any other, for retaliation.

      Accordingly, defendants are entitled to summary judgment on the Second Cause of Action.

### 3. Third Cause of Action ("Harassment")

In the Third Cause of Action, Robertson alleges that, while employed by Aon, she was "consistently harassed." (See Compl. ¶ 71.)

As discussed above with respect to the Second Cause of Action, the conduct on which Robertson relies to support her claim that she was subjected to harassment, i.e., being ostracized by co-workers and receiving a bad evaluation from her supervisor, is insufficient to support a claim of harassment. Moreover, none of the conduct on which Robertson relies is described as involving any type of insult or epithet directed at Robertson's race or age.[3] Even if a trier of fact might reasonably find that Robertson's co-workers and/or supervisors engaged in uncivil and ill-mannered behavior toward Robertson,[4] "discourtesy or rudeness should not be confused with racial harassment," see Faragher v. City of Boca Raton, 524 U.S. 775, 787 (1998) (internal quotation and citation omitted), or with harassment on account of age, see id. at 787-88 (holding "standards for judging hostility are sufficiently demanding to ensure that Title VII does not become a 'general civility code'"); cf., e.g., Kang v. U. Lim America, Inc., 296 F.3d 810, 814, 817 (9th Cir. 2002) (holding Korean plaintiff offered sufficient evidence to raise triable issue of fact as to claim of national origin harassment where supervisor repeatedly told plaintiff Koreans were required to work harder than persons of other origins, while verbally abusing plaintiff and throwing office equipment and supplies at him).

Accordingly, defendants are entitled to summary judgment on the Third Cause of Action.

//

---

[3] Although the complaint does not expressly state Robertson was harassed on account of her race and age, the parties agree Robertson is contending herein that she was subjected to discrimination on the basis of her race and age.

[4] In her complaint, Robertson alleges that the harassing conduct included certain of her co-workers' complaining about Robertson's use of perfume and about Robertson's turning up the temperature in the office. (See Compl. ¶ 71.) Robertson has not offered any evidence to support these assertions. Even assuming such complaints were made by co-workers, however, there is no evidence, or even allegation, to support a finding that such complaints were made because of Robertson's race or age.

### 4. Fourth Cause of Action ("Hostile Environment")

In the Fourth Cause of Action, Robertson alleges that after she returned to work following the paid leave, she was "subjected to working under a hostile environment." (See Compl. ¶ 73.) Defendants argue the Third and Fourth Causes of Action raise the same claims, and plaintiff, in her opposition, does not assert that the Fourth Cause of Action encompasses any claim not included within the Third Cause of Action.

Accordingly, for the reasons stated above with respect to the Third Cause of Action, defendants are entitled to summary judgment on the Fourth Cause of Action.

### 5. Fifth Cause of Action ("Wrongful Termination")

In the Fifth Cause of Action, Robertson alleges she was terminated by Aon on account of her age (see Compl. ¶ 75), in retaliation for engaging in protected activity (see Compl. ¶ 76), and in violation of "Title VII" (see Compl. ¶ 77), which the Court construes as a claim that Robertson was terminated because of her race.

As discussed above, the First Cause of Action includes a claim that Robertson was terminated on account of her race and age, and the Second Cause of Action includes a claim that the termination was retaliatory. As further discussed above, defendants are entitled to summary judgment on each of those claims.

Accordingly, defendants are entitled to summary judgment on the Fifth Cause of Action.

### B. State Law Claim

The Sixth Cause of Action, a claim for defamation, arises under state law, and is based on different facts than those on which the federal claims are based.[5]

The Court's jurisdiction over the instant action is based on the existence of a federal question. (See Notice of Removal, filed January 8, 2009, at 1:24 - 2:1.) Any jurisdiction the Court has over the Sixth Cause of Action is supplemental in nature. See 28 U.S.C.

---

[5] The claim is based on the allegation that Merino, one of Robertson's co-workers, falsely told Robertson's supervisors that Robertson had threatened to engage in violence at the workplace.

1 § 1367(a).

A district court may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." See 28 U.S.C. § 1367(c)(3). Where a district court has granted summary judgment on each federal claim in an action, the district court, pursuant to § 1367(c)(3), may properly decline to exercise supplemental jurisdiction over any remaining state law claims. See Bryant v. Adventist Health System/West, 289 F. 3d 1162, 1169 (9th Cir. 2002).

Here, having considered the matter, the Court will decline to exercise supplemental jurisdiction over the Sixth Cause of Action.

Accordingly, the Sixth Cause of Action will be remanded.

## CONCLUSION

For the reasons stated above, defendants' motion for summary judgment is GRANTED in part and DENIED in part as follows:

1. To the extent the motion seeks summary judgment on the First, Second, Third, Fourth, and Fifth Causes of Action, the motion is hereby GRANTED.

2. To the extent the motion seeks summary judgment on the Sixth Cause of Action, the motion is hereby DENIED without prejudice, and the Sixth Cause of Action, is hereby REMANDED to the Superior Court of California, in and for the County of San Francisco.

**IT IS SO ORDERED.**

Dated: April 12, 2010

MAXINE M. CHESNEY
United States District Judge